[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on January 19, 1987 in Fairfax County, Virginia. The plaintiff has resided continuously in this state since August 28, 1990. There are two minor children issue of the marriage: Shawn Moaveni born July 5, 1987 and Ariana Moaveni born September 4, 1988.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth CT Page 9048 in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The plaintiff is 31 years of age and in good health. She graduated from Georgetown University and was employed full time in responsible positions in the D.C. area. At her last employment she was earning $58,000 per year plus bonuses. The plaintiff appears to have been the main support of the family during the marriage. The parties lived together for 5 years prior to their marriage in January 1987.
The defendant is 40 years of age and in good health. This is his second marriage. For the past 20 years he has been in the restaurant business as a developer and an operator. The defendant indicated he had not been employed for the past two and one-half years. Although he has no steady income, the defendant indicated he was able to support himself by selling restaurant equipment. During the course of the litigation the defendant lived with one of his sisters in Maryland and with a friend at a condo in Virginia.
The defendant was born in Iran, but has lived in the United States since 1969. He has parents and a sister still living in Iran. The defendant has retained his Iranian citizenship.
The parties are hostile toward each other. The defendant is angry, rightfully or wrongfully, as a result of his arrest and incarceration in D.C. and Virginia and the fact that immediately after the Virginia action was dismissed/withdrawn, the plaintiff fled to Connecticut with the two minor children.
The marital home in Virginia was sold at a loss. The plaintiff was required to borrow funds from her family in order to conclude the sale.
No useful purpose would be served by reviewing the defendant's living arrangements, his work habits, the missing passport and the incident at the New Canaan Day Care Center.
No useful purpose would be served by reviewing the testimony of the parties and the evidence produced in this matter at the time of trial. Both Family Relations reports and the parties themselves, have enumerated the stormy events that have characterized this marriage. The conduct of both parties in this matter leaves much to be desired. The court declines to assess fault to either party for the breakdown of this marriage, as both parties have contributed to the breakdown. CT Page 9049
1. Alimony
1. The defendant during his lifetime shall pay to the plaintiff as alimony the sum of $1.00 per year for a period of 4 years from date or until the remarriage or death of the plaintiff, whichever event shall first occur.
2. Custody
1. The plaintiff has requested custody of the minor children in her complaint. The defendant has requested joint custody in his claims for relief. In addition to the testimony of the plaintiff and the defendant, the court had the benefit of the opinion of the Family Relations Officer and a Virginia Domestic Relations report.
2. Both parties appear to be loving and caring parents. The parties themselves are at odds with each other and with the upbringing of their two children — aged 4 and 3 years. The plaintiff has returned to Connecticut and presently resides with her mother, the maternal grandmother. The plaintiff plans to remain in this area with the two children.
3. The defendant currently resides in Maryland with his sister and her family. He also had the use of a condominium in Virginia during the pendency of this litigation.
4. In weighing the pros and cons of sole custody or joint custody the court has concluded that it would be in the best interests of the children for the plaintiff to be awarded sole custody and it is so ordered.
5. The plaintiff shall however, confer and discuss with the defendant, on matters relating to the education, health and welfare of the minor children. The plaintiff shall make the final decision in the event the parties cannot agree.
6. The plaintiff shall keep the defendant informed of her current address and telephone number. In the event the plaintiff and the minor children plan to move outside of Fairfield County, the plaintiff shall give the defendant 30 days notice.
7. The defendant shall be entitled to know the whereabouts of the children. The defendant shall keep the plaintiff advised of his current address and telephone number.
3. Visitation
1. The visitation by the defendant has been somewhat CT Page 9050 irregular and problematic. The Virginia Family Relations report indicates that some of Mr. Moaveni's reasons for this seem valid, some do not, and appear to be mostly due to poor planning and lack of communication.
Also at issue is the question of continued supervised visitation. The defendant strenuously objects to supervised visitation.
2. The court has reviewed the Family Relations reports of Connecticut and Virginia and has reviewed the testimony of the plaintiff and the defendant. The court finds it appropriate and in the best interests of the minor children as well as for the plaintiff and the defendant, to establish a pattern of consistent, timely, and dependable visitation.
3. Visitation shall continue to be supervised for a period of six months at which time the Family Relations Division shall review the matter with a view toward terminating supervised visitation. The parties shall return to Family Relations for mediation at the end of six months, and if the parties are unable to agree as to a future visitation schedule and the question of supervised visitation, the court shall issue orders after a hearing. This court shall retain jurisdiction in this matter for this purpose.
4. During the next six months, the defendant shall be entitled to have visitation on alternate weekends, on Saturdays and Sundays from 1:00 p. m to 4:00 p. m. or such other times as the parties shall mutually agree. The defendant has another sister who lives in New Jersey — less than 2 hours from New Canaan, Connecticut where the children presently reside, which will provide the defendant with a place to stay overnight to facilitate this visitation on alternate Saturdays and Sundays.
5. The defendant shall contact the plaintiff at least 2 days in advance if he does not intend to exercise his visitation.
6. The plaintiff shall wait at least 30 minutes for the defendant to arrive in view of the distance the defendant is traveling.
7. The defendant shall contact the plaintiff on route if he will be delayed more than 30 minutes due to traffic, weather or mechanical difficulties.
8. Any cost of supervision shall be borne by the plaintiff. The plaintiff shall be entitled to use friends, neighbors or professionals as supervisors. CT Page 9051
9. The plaintiff shall absent herself from the premises prior to the defendant's arrival for visitation.
10. It is anticipated as the children grow older, the visitation schedule will be expanded and increased.
The court has considered the incident at the New Canaan Day Care Center, the missing passport, and the defendant's living arrangements as well as having had an opportunity to observe the parties and to listen to their testimony and observe their demeanor in court.
During the next six months of supervised visitation, it is the court's hope that the anger and mistrust between the parties will subside and a dependable pattern of visitation will be forthcoming.
4. Child Support
1. The defendant shall pay to the plaintiff as child support for the two minor children, the sum of $120 per week, said order to be effective as of September 13, 1991. Said order is within the parameters of the child support guidelines.
2. The plaintiff and the defendant shall provide medical coverage as is available at their respective place of employment for the benefit of the minor children.
3. The parties shall equally divide any unreimbursed medical expenses incurred for the minor children including the cost of the speech therapy required by the minor child Shawn.
4. Section 46b-84 (c) is ordered.
5. Arrears
1. The court finds arrearage of $1,200 as of September 13, 1991, plus the court awarded counsel fees of $250. Said arrears shall be paid as follows:
Commencing November 1, 1991 and monthly thereafter, the defendant shall pay the sum of $100 per month until the total arrearage of $1,450 is paid in full. (the last payment shall be in the amount of $50)
Commencing September 13, 1991 the court order of child support is $120 per week. The parties shall compute the additional arrearage, if any, from September 13, 1991 to date, and said arrearage shall be paid as set forth above. CT Page 9052
6. Division of Personal Property
 A.
1. The parties shall divide the photographs
 2. The defendant's 2 rings shall be returned to the defendant if they are in the possession of the plaintiff.
 3. Brief case and any personal papers of the defendant are to be turned over to the defendant.
4. Wine collection to defendant
 5. Crystal glass, crystal candle holders and bowls to wife
6. 17th century clock to wife
6a. Solid cherry headboard to husband
7. Antique silverware from Sweden to husband
8. 3 silk blankets to husband
9. Plaintiff and defendant to divide suitcases
10. Solid wood cherry day-bed to wife
11. 18th century antique door to husband
 12. 16th century antique window with Tiffany glass to husband
13. Cherry wood rocking chair to wife
14. 12 crystal Swedish wine glasses to the wife
15. Two silver trays, if available, to husband
16. One poetry book to husband
17. Two TV sets to wife
18. 18k gold necklace to wife
19. 2 Ivory picture frames if available to husband CT Page 9053
20. 2 handmade throw pillows, if available, to husband
21. 8 sheets of suede, if available, to husband
B. Defendant shall be entitled to:
a. Gold Dunhill cigarette lighter, if available
b. Ari's gold bracelets
 C. Plaintiff shall be entitled to the 14k gold bracelet, if available.
 D. The defendant shall pick up the items of personal property at his expense and within 30 days of date.
7. Debts
1. The defendant shall hold the plaintiff harmless from any and all claims of Christini's Restaurant.
2. The defendant shall be solely responsible for the debts as listed on his financial affidavit and shall hold the plaintiff harmless therefrom.
3. The defendant shall hold the plaintiff harmless from any and all indebtedness arising out of the M H Service Center for repairs to the BMW motor vehicle.
4. The plaintiff shall return the 2 bank checks of Christini's Restaurant in the amount of $800 and $250 — to the defendant forthwith.
5. The defendant shall hold the plaintiff harmless from any liability with respect to the parking tickets issued in Virginia and District of Columbia.
8. Life Insurance
The defendant shall obtain a life insurance policy at his expense in the amount of $50,000 for the benefit of the minor children. The two minor children shall be named as irrevocable beneficiaries on said policy for so long as the defendant has an obligation for support.
9. Restraining Order
The disappearance of the defendant's passport is of concern to all involved. The court is not unmindful of the mobile society we all reside in and is concerned over the well CT Page 9054 being and best interests of the minor children. The following orders shall enter:
The defendant Keramat Moaveni, a/k/a Michael Moaveni, date of birth October 1, 1945, Social Security #XXX-XX-XXXX, is restrained and enjoined from (1) removing the minor children issue of this marriage, Shawn Moaveni, born July 5, 1987 and Ariana Moaveni born September 4, 1988 from the United States; and (2) applying for a passport for Shawn Moaveni and Ariana Moaveni.
This order shall remain in full force and effect until further order of this court.
The plaintiff shall file a certified copy of this order with the Immigration and Naturalization Service of the United States Department of State and make a return of the filing to the clerk of this court along with notice to the defendant.
The court strongly recommends that the plaintiff apply and file for a passport in the name of the plaintiff, jointly with the 2 minor children.
10. Counsel Fees
No counsel fees are awarded to either party.
11. Wage attachment
A contingent withholding is ordered.
12. Withdrawal of Appearance
Counsel for the defendant has filed a motion to withdraw his appearance effective immediately. Counsel was appointed by the court and has performed exemplary services on behalf of the defendant. Counsels motion to withdraw is granted effective immediately except for the execution of the judgment file in this matter.
COPPETO, J.